Ranney, J.
We shall notice but one of the errors assigned, as that, in the opinion of the court, is fatal to the fourth count of the information, upon which the plaintiff in error was convicted. That count charges him with having sold spirituous and intoxicating liquors “ not having been inspected by the inspector of alcoholic liquors for Ashtabula county, and not having the inspector’s brand of any other county in this state upon the cask containing the same.”
The first section of the statute upon which the information is founded (Swan’s Rev. Stat. 479a), punishes, with fine and imprisonment, the selling or offering to sell, “ any spirituous or intoxicating liquors, not inspected as hereinafter provided.” The second section makes it the duty of the inspector to inspect all alcoholic liquors imported into or manufactured in the county, unless they have the inspector’s brand of some other county, *whieh is made evidence of the purity of the article. The first section defines the offense, and the second simply prescribes the duties of the inspector. The law contemplates the inspection of the article upon its importation into any county, or when it is manufactured, and before it is offered for sale. It was never intended to compel a second inspection, when the bulk was broken, and it was sold in one county and taken to another. A single inspection is all that is required, and it is entirely immaterial in what county it is made. It should, therefore, be averred that it was not inspected; and not simply, that it was not inspected in the county where it is sold, and that the cask *490 -from which it was taken did not have the inspector’s brand of any other county. It is entirely consistent with such an averment, that the liquor may have been inspected in another county, into which it was imported or where it was manufactured, and was there taken from a cask properly branded and put into another, which was carried by the accused into Ashtabula county, and the liquor there sold. In such case, no crime would have been committed, and yet the information does not negative the existence of such a state of facts.
The judgment must be reversed. _